Honorable Robert Sise Chief Administrative Judge Office of Court Administration
Your deputy counsel has asked whether certain mediators in the Community Dispute Resolution Centers Program (hereinafter "Dispute Program") are required to report evidence of child abuse under provisions of the Social Services Law, or whether such evidence is confidential under provisions of the Judiciary Law governing mediations in the Dispute Program.
The Dispute Program was established as a vehicle for the voluntary settlement of certain criminal matters in an informal setting as an alternative to more costly and complex formal judicial proceedings (L 1981, ch 847, § 1). With the assistance of State aid, Dispute Resolution Centers provide neutral mediators to resolve conflicts without cost to indigents and at nominal or no cost to other participants (Judiciary Law, § 849-b[1] and [4]). Decisions rendered are final and binding upon the parties (id., § 849-b[5][e]). The confidentiality of Dispute Program proceedings is provided for as follows:
 "all memoranda, work products, or case files of a mediator are confidential and not subject to disclosure in any judicial or administrative proceeding. Any communication relating to the subject matter of the resolution made during the resolution process by any participant, mediator, or any other person present at the dispute resolution shall be a confidential communication." (Id., § 849-b[6].)
Section 413 of the Social Services Law requires the reporting of child abuse.
 "The following persons and officials are required to report or cause a report to be made in accordance with this title when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child: any physician, surgeon, medical examiner, coroner, dentist, osteopath, optometrist, chiropractor, podiatrist, resident, intern, psychologist, registered nurse, hospital personnel engaged in the admission, examination, care or treatment of persons, a Christian Science practitioner, school official, social services worker, day care worker or any other child care or foster care worker, mental health professional, peace officer, police officer or law enforcement official. * * *" (§ 413.)
A child protective service established by each local Department of Social Services is responsible for investigating or arranging for the investigation of reports of child abuse and for the provision of protective services to prevent further abuse or maltreatment of children (Social Services Law, § 423 [1]). A person required to report suspected child abuse or maltreatment who willfully fails to do so is guilty of a class A misdemeanor and is civilly liable for the damages proximately caused by such failure (id., § 420).
Persons given the responsibility of reporting child abuse under section413 of the Social Services Law occasionally serve as Dispute Program mediators, raising a possible conflict between section 413 and the confidentiality under section 849-b(6) of the Judiciary Law of Dispute Program proceedings. Under section 849-b(6), the memoranda, work products, or case files of a mediator are confidential as is "any communication relating to the subject matter of the resolution made during the resolution process" (emphasis supplied). Under this language evidence of child abuse would be confidential only if it is present in the designated work products of a mediator or if it is part of a communication relating to the subject matter of the dispute. (Currently, neither statute nor regulation excludes child abuse from Dispute Program mediations.) Therefore, if during the course of a Dispute Program proceeding, evidence of child abuse appears and is unrelated to the subject matter of the dispute and not included in the work papers of the mediator, it need not be regarded as confidential.
However, this analysis does not reach the question whether a mediator isrequired to report such evidence under the terms of the Social Services Law. The persons designated by section 413 of the Social Services Law are required to report child abuse only as to "a child coming before them in their professional or official capacity". We believe that this language contemplates children appearing before them in their capacities as physicians, surgeons, medical examiners, coroners, dentists, osteopaths, etc. (§ 413). It would not include children appearing before them in their capacity as Dispute Program mediators. State-funded Dispute Resolution Centers are required to provide "neutral mediators who have received at least twenty-five hours of training in conflict resolution techniques" (Judiciary Law, § 849-b[4][b]). Thus, persons do not qualify as mediators by virtue of their occupations, but rather by receiving the prescribed training. In acting as a mediator, one does not serve as a physician, surgeon, medical examiner, etc., but rather as a citizen volunteer. Accordingly, the reporting requirements of section 413 do not apply to those acting as mediators in the Dispute Program.
We note that the public policy underlying the instant sections of the Social Services Law is to encourage the reporting of suspected child abuse. Certain professionals and officials are required to report it but all citizens with reasonable cause to suspect that a child is a victim of abuse may report such maltreatment. The latter provision reflects the legislative intent that the plight of the uniquely situated victims of child abuse not remain hidden from and inaccessible to the protective services which society has authorized.
Dispute Program mediators should be spared the possibility of finding themselves torn between the demands of their program's confidentiality rules and their responsibility as citizens to cooperate in the detection of child abuse. We believe that the Office of Court Administration may establish by regulation that child abuse is not a proper subject for mediation and that evidence of child abuse is inadmissible for any purpose at a mediation and is, therefore, not confidential under section849-b(6) of the Judiciary Law. Such a regulation would be an extension of both present screening procedures and current rules which provide that the Dispute Program is for the resolution of minor disputes (22 NYCRR 116.2[a]). Also, such a regulation would eliminate any remaining doubt as to whether a mediator would be free to report evidence of suspected maltreatment, as encouraged by Social Services Law, § 414.
We conclude that the confidentiality provisions of the Community Dispute Resolution Program do not bar Program mediators from reporting evidence of child abuse which is not contained in the memoranda, work products or case files of a mediator and which is not the subject matter of the resolution process. Nor are Program mediators, when acting as such, required to report such evidence as are other officials or professionals specified in section 413 of the Social Services Law.